United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KUN YUAN ASSET MANAGEMENT COMPANY LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>QIANG SU,<br><br>    Defendant. | Case No. 21-cv-06236-BLF<br><br>**ORDER TERMINATING PLAINTIFF'S ADMINISTRATIVE MOTION WITHOUT PREJUDICE TO FILING NOTICE OF DISMISSAL**<br><br>[Re: ECF No. 22] |

This is an action for fraud, breach of fiduciary duty, and breach of contract filed by Chinese company Kun Yuan Asset Management Company Ltd. ("Kun Yuan") related to conduct of its former Managing Director of U.S. operations, Defendant Qiang Su. *See* Complaint, ECF No. 1. Defendant allegedly improperly withdrew funds from and failed to transfer control over Kun Yuan's U.S. accounts following his termination by Kun Yuan. *See id.*

Before the Court is Kun Yuan's Administrative Motion for Voluntary Dismissal Without Prejudice under Federal Rule of Civil Procedure 41(a)(2), which it filed after agreeing during settlement discussions to reduce its original demand to $61,052.74, which is less than the $75,000 minimum amount in controversy required for a diversity action like the present one. *See* Administrative Motion, ECF No. 22 at 2; Complaint, ECF No. 1 ¶ 4; 28 U.S.C. § 1332(a). Kun Yuan seeks to dismiss its claims so it can refile them in state court. *See* Administrative Motion, ECF No. 22 at 1. Defendant opposes, arguing that (1) the issue of whether dismissal should be with or without prejudice must be resolved by way of a noticed motion—not an administrative motion like Kun Yuan filed—and (2) Kun Yuan's Administrative Motion was made in bad faith to avoid a dismissal with prejudice under Rule 12(b)(6). *See* Opposition, ECF No. 23.

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or (2) "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. Proc. 41(a)(1)(A)(i–ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. Proc. 41(a)(1)(B).

Under Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.*

### II. DISCUSSION

Kun Yuan seeks dismissal based on an order from the Court under Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). However, the Court agrees with Defendant that Kun Yuan would need to file a noticed motion to seek dismissal under Rule 41(a)(2). Since Kun Yuan has not done so, the Court cannot dismiss the case under Rule 41(a)(2).

However, the Court notes that there is nothing preventing Kun Yuan from voluntarily dismissing the present action via notice of dismissal without an order from the Court under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Under Rule 41(a)(1)(A)(i), Kun Yuan "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. Proc. 41(a)(1)(A)(i). Defendant in this case has filed neither an answer nor a motion for summary judgment. While Defendant has filed a motion to dismiss, this does not constitute an "answer or a motion for summary judgment" under Rule 41(a)(1)(A)(i). *See Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (voluntary dismissal under Rule 41(a)(1)(a)(i) proper after filing of motion to dismiss because "no answer or motion for summary judgment was ever filed"); *Hamilton v. Shearson-Lehman Amer. Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) ("Courts have consistently upheld notice dismissals

1   following a wide variety of other substantive motions filed by defendants before answering.");
2   *Advanced Eng'g Sol., Inc. v. Paccar, Inc.*, No. 5:12–CV–00986–LHK, 2012 WL 4005557, at *2
3   (N.D. Cal. Sep. 12, 2012); *Rose v. Discover Fin. Servs., Inc.*, No. 12–CV–00425–LHK,
4   2012 WL 1831737, at *3 (N.D. Cal. May 18, 2012).

   To the extent Defendant argues that his Motion to Dismiss should be treated as a summary judgment motion under Rule 41(a)(1)(A)(i), the Court disagrees. *See* Opposition, ECF No. 23 at 5. While Defendant's Motion to Dismiss has an attached declaration with an exhibit, this is only cited for his Rule 12(b)(1) motion. *See* Motion to Dismiss, ECF No. 20 at 11. For a Rule 12(b)(1) motion, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To the extent Defendant cites exhibits for his Rule 12(b)(6) motion, these are attached to the Complaint, so the Court may consider them without converting the motion into a summary judgment motion. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); Motion to Dismiss, ECF No. 20 at 14–16. Therefore, the Court does not consider Defendant's Motion to Dismiss to be a summary judgment motion under Rule 41(a)(1)(A)(i).

   Accordingly, since no answer or summary judgment motion has been filed in this case, Kun Yuan can voluntarily dismiss its case under Rule 41(a)(1)(A)(i) without an order from the Court.

### III. CONCLUSION

   Since the Court cannot dismiss Kun Yuan's claims under Rule 41(a)(2) without a noticed motion, the Court hereby TERMINATES Kun Yuan's Administrative Motion. The termination is WITHOUT PREJUDICE to Kun Yuan filing a notice of dismissal to voluntarily dismiss its claims under Rule 41(a)(1)(A)(i). If Kun Yuan chooses to file a notice of dismissal, the Court will approve it for the reasons outlined above.

Dated: January 24, 2022

 _____
 BETH LABSON FREEMAN
 United States District Judge